JONATHAN R. McGONIGAL and NOLAN McGONIGAL, trading and doing business as J. R. McGONIGAL AND SON, vs. ROBERT RAUGHLEY.

*Assumpsit—Common Counts—Sale of Farm—Real Estate Agent; Services of—Withdrawal of Farm Before Sale—Consent of Agent—Special Agreement; Effect of.*

1. If the defendant, the owner of a farm which had been placed in the hands of a real estate agent for sale, withdrew the farm from sale, and the plaintiff, the real estate agent, consented thereto, it matters not whether the withdrawal was within or after the expiration of the period covered by the option given to the prospective purchaser. The plaintiff would not be entitled to recover, for by such consent he waived all right to compensation.

2. If the withdrawal was not made till after the expiration of the period covered by the option, then it was competent for the defendant to withdraw the farm even without the consent of the plaintiff.

3. If there was a special contract of employment to effect a sale of the farm, the plaintiff could not recover upon the common counts, unless such agreement was executed and completed on the part of the plaintiff, or unless he was prevented from completing the sale by the defendant within the time limited in such agreement for the completion of the sale.

(*May* 1, 1906.)

Lore, C. J., and Spruance and Boyce, J. J., sitting.

*Richard R. Kenney* and *Arley B. Magee* for plaintiffs.

*James M. Satterfield* and *John B. Hutton* for defendant.

Superior Court, Kent County, April Term, 1906.

Action of Indebitatus Assumpsit (No. 66, October Term, 1905) on the common counts to recover brokers' commissions for alleged sale of a farm, in East Dover Hundred, owned by defendant.

At the trial, plaintiff proved the facts as set out in the following charge of the Court, and rested. The defendant then moved for a nonsuit on two grounds, viz.:

*First.* Because the plaintiffs had failed to prove a sale of the farm before their agency was revoked by the defendant.

*Second.* That as the defendant, the owner of the farm, had a right any time before the sale was actually made to revoke the agents' authority, in good faith, which plaintiffs' proof shows was done, the plaintiffs could not recover.

*Brown vs. Pfoor*, 38 *Cala.* 550; *Siebalt vs. Bethelem I. Co.*, 83 *N. Y.* 378 (381).

Counsel for plaintiffs replied.

Boyce, J.:—The motion for a nonsuit is refused.

Boyce, J., charging the jury:

Gentlemen of the jury:—This is an action brought by Jonathan R. McGonigal and Nolan McGonigal, trading as J. R. McGonigal and Son, the plaintiffs, against Robert Raughley, the defendant, to recover for services alleged to have been performed by the plaintiffs for the defendant at his special instance and request.

The plaintiffs claim the sum of $337.12.

The plaintiffs, who, it is admitted, are licensed real estate brokers, or agents, under the laws of this State, claim that, in the latter part of the month of May, A. D. 1905, the defendant placed with them for sale a certain farm or tract of land, situate in Kent County; that the terms stipulated by the defendant at which the plaintiffs might effect the sale of the farm were $8500 and that the defendant should receive $8000 net and the plaintiffs should receive the excess as and for their compensation in effecting the sale.

The plaintiffs claim further that on the third day of June following they procured one Hudson to look at the farm, and that they secured an option on the farm from the defendant for ten days from that time; that on the tenth day of the same month following they arranged to have the said Hudson and the defendant visit the farm together in company with Jonathan R. McGonigal, one of the plaintiffs; that after having viewed the farm and returning to Dover, the defendant, in the presence of the said McGonigal, at the request of said Hudson, gave the latter a further option on the farm for ten days from that time at the price or sum of $8500.

Nolan McGonigal, the junior member of the plaintiffs' firm, admits that on the nineteenth day of June following, the defendant called at the office of the plaintiffs and gave him notice that he had called to withdraw the farm. The senior member of the firm admits that on the following day, June 20th, the defendant gave him notice that he had withdrawn the farm and that it was not for sale and McGonigal admits that he replied all right or words to that effect. The plaintiffs further claim that in a short time after the defendant had gone from their office on the twentieth day of June, Hudson, the prospective purchaser arrived, ready and willing to accept the farm and complete the sale; that the defendant very shortly thereafter sent for but upon meeting Hudson and being informed that the latter was ready and willing to take the farm and comply with the terms of sale, he, the defendant, would not permit the sale to be consummated and refused to make a deed for the farm.

The defendant admits that sometime in the month of May, A. D. 1905, he did place his farm with the plaintiffs for sale at the price or sum of $8500, but denies that he ever at any time agreed to pay the plaintiffs the sum of $500 to effect the sale of the farm. He likewise admits that the plaintiffs when asked about their commissions said that the usual commissions were five per cent., but claims that no agreement was entered into between them as to the amount of their compensation for the sale of the farm. He further contends that the option given to Hudson was on the sixth of June instead of the tenth as alleged by the plaintiffs and that it expired on the sixteenth of June instead of the twentieth as alleged by the plaintiffs. He further claims that when he notified the senior member of the plaintiff firm on the twentieth of June that he withdrew the farm, that McGonigal replied "All right; maybe I will get a chance at it another time."

If when the defendant withdrew his farm from sale (and it is conceded that he did withdraw it) the plaintiffs, or either of them, made no objection to it but consented thereto, it matters not whether the farm was withdrawn within or after the expiration of the period covered by the option given to Hudson in which he might purchase the farm, the plaintiffs would not be entitled to recover, as by such consent they waived all right to compensation. The plaintiffs had the right to consent to the withdrawal of the farm before the expiration of the time covered by the option given to Hudson in which to complete the sale, and if they did so they waived any right to compensation for their services, and in that event would not be entitled to recover.

If you find that the withdrawal was not made until after the expiration of the period in which Hudson had the option to purchase the farm, then it was competent for the defendant to withdraw the farm, even without the consent of the plaintiffs, and if after that period it was withdrawn before Hudson tendered himself ready and willing to purchase the farm and comply with the terms of sale, the plaintiffs could not recover in this action.

VERDICT,

The plaintiffs in this case have not relied upon the terms of a special contract, if such a contract be proved in this case, but seek to recover upon the common counts for services rendered. If there was a special contract of employment between the plaintiffs and the defendant to effect the sale of the defendant's property, the plaintiffs would not be entitled to recover in this action upon the common counts, unless such agreement was executed and completed on the part of the plaintiffs, or unless the plaintiffs were prevented from completing the sale by the defendant within the time limited in such contract or agreement for the completion of the sale.

Where there is conflict in the testimony upon any material point of the case, it is your duty to reconcile it if you can; and if you cannot so reconcile it, you should accept as true such evidence as you believe most entitled to credit, takng into consideration the character of the witnesses, their apparent fairness and accuracy, their disinterestedness, and all the other circumstances of the case as disclosed by the evidence.

You will now take this case and give it your careful and conscientious consideration and render your verdict in accordance with the preponderance of the evidence produced before you.

Verdict for defendant.