In Re Application of Arthur G. Heinel, for a License to Sell Intoxicating Liquors.

INTOXICATING LIQUORS—LICENSE TO SELL—APPLICATION—SUFFICIENCY.

That one of the signers of a recommendation of an applicant for a license to sell intoxicants did not read or have the same read to him, as required by *Rev. Code* 1852, amended to 1893, *p.* 413 (14 *Del. Laws, c.* 418) § 4, is not ground for refusing the license, where there were sufficient signers who complied with the requirement.

(*May* 12, 1911.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*John G. Gray* for applicant.

*Caleb E. Burchenal* and *Horace G. Eastburn* for remonstrants.

Court of General Sessions, New Castle County, May Term, 1911.

APPLICATION FOR A LICENSE to sell intoxicating liquors which was opposed for reasons stated and passed upon in the opinion of the court.

PENNEWILL, C. J., delivering the opinion of the court:

The first objection to the granting of the above stated application is, that one of the signers of the applicant's recommendation had neither read the same himself nor had it read to him. In support of the objection is cited the case of one *Veasey* which was decided at the April term in Sussex County, 1906. 6 *Penn.* 52, 63 *Atl.* 801. In that case it appears there were thirty-five signers, all of whom were alleged to be freeholders residing in the particular school district. Six of said signers testified that the application had not been read to them, nor had they read the same themselves.

The court said: "The statute (*Chapter* 418, § 4, *Vol.* 14, *Laws of Delaware—Rev. Code*, 413) requires that the applicant for a license to sell intoxicating liquor shall present a petition with certain recommendations and that each person signing said recomreendation must either have read it himself or have had the same mad to him. That is the positive mandate of the law. As the reidence before us discloses that the petition was not read to or evad by each of the signers to the same, we hold that the law has not been complied with, that the certificate is void, and we therefore refuse the license on that ground."

The ruling in the *Veasey case* has been followed perhaps in one or two cases since, but with some doubt as to its correctness as reported.

After materially considering the question which is again raised in the present case, and after a full conference with all of the judges who are not now sitting, we have reached the conclusion that the ruling in the *Veasey case* should not be followed, at least to the full extent to which the opinion of the court seems to go.

It does seem to us that the failure of one or more of the signers to read the recommendation, or have the same read to them, should not defeat the license, when the full number of signers required by the law remain after eliminating those who have not complied with the statute.

We think there were some facts in the case cited that do not appear in the report, and which may have had some weight with the court in reaching their decision.

From information that we have received in regard to such

case, we believe that there was some doubt in the minds of the court whether there was a sufficient number of signers left after eliminating those who admitted that the recommendation had not been read by or to them. Some of the names were written on a paper that was attached to, or pasted on, the original petition, and it was not clear to the court when the attached paper was signed or affixed.

If the court should be clearly of the opinion that the applicant had made a false affidavit, knowing at the time that it was false, it might be reasonable to hold that such a person was not a man of good moral character within the meaning of the act, and that a license should not, therefore, be granted to him, but there is no evidence in this case to establish such fact.

It is not denied that after excluding the signer who did not read the recommendation, or have it read to him, there are left at least twenty-four who did comply with the law in this behalf. We, therefore, think the license should not be refused for the reason stated, and overrule the objection.